IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUN 2 5 2014
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | |
| ) | **4:14CR00205 RWS/TIA** |
| COLEMAN CARPENTER, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

### COUNT I (Mail Fraud)

The Grand Jury charges that:

1. At all relevant times, the Defendant was a resident of Troy, Tennessee. Between March 2003 and August 2013, the Defendant was employed by Bunge North America ("Bunge"), which is the North American arm of Bunge, Ltd., a global agricultural commodities business. The headquarters of Bunge are located in St. Louis County, Missouri within the Eastern District of Missouri. Defendant managed a grain elevator operation owned by Bunge in Hickman, Kentucky (the "Hickman elevator").

2. It was a part of the Defendant's duties with Bunge to buy and sell agricultural commodities. With respect to buying agricultural commodities, the Defendant often dealt with farmers and producers and dealers located in Kentucky and Tennessee operating within one hundred miles of the Hickman elevator.

3. While employed by Bunge, the Defendant received instructions and training from Bunge about the proper procedures for buying agricultural commodities, which included instructions regarding pricing agricultural commodities from farmers, producers and dealers.

4. At the Hickman elevator, Bunge, through the Defendant, purchased commodities

"on the spot" and also entered into futures contracts for commodities to be delivered at a later date. With respect to futures contracts, the Defendant was authorized to use only the respective futures price at the time of the contract. Bunge provided the Defendant access to the current futures prices electronically and through a commercial trading (hedge) desk currently located at the St. Louis headquarters. For example, if a Bunge customer on June 17, 2013 wished to sell 100,000 bushels of soybeans for delivery in October and November 2013, the Defendant would be authorized to establish the futures price component of the per bushel price for the contract based upon the then current futures price for such a delivery as determined by the Chicago Board of Trade: $12.93 per bushel.

5. The Defendant had no discretion to offer or agree to a higher futures price for any reason. To the contrary, the Defendant and all other Bunge elevator managers were required either to use the then current futures price as shown on the third party system to which they had access by means of their Bunge computers or to call the hedge desk to report the contract directly to headquarters. During such calls, the Defendant would request the futures price from Bunge hedge desk personnel to be used in determining the price per bushel under the contract. The Defendant would often make direct calls to headquarters for larger contracts. With respect to contracts on which Bunge overpaid, the Defendant falsely represented to hedge desk personnel that he would utilize the futures price at which the order filled to determine the price of the contracts.

6. At some point unknown to the Grand Jury but no later than 2009, the Defendant devised a scheme and artifice to defraud Bunge of money and other valuable property by agreeing to pay customers of the Hickman elevator inflated prices for commodities.

7. It was a part of the scheme and artifice that the Defendant was aware of the current futures price for commodities through media provided him by Bunge.

8.      It was further a part of the scheme and artifice that the Defendant, despite his knowledge of the current market prices, overpaid for commodities purchased from at least six specific Bunge customers (the "benefitting customers"). A review of the Defendant's transactions for 2013 reveals that 61% of futures contracts made by the Defendant on Bunge's behalf include an overpayment. For example, on or about August 1, 2013, the Defendant entered into a futures contract for 60,000 bushels of corn at the flat price of $5.25 per bushel. The Defendant utilized a futures price of $5.63, despite the fact that the hedge desk provided him with the futures price of $4.9075, and the high trade of the day on August 1, 2013 was $4.9975. On this single contract, the Defendant overpaid at least $37,950 for corn to the detriment of Bunge.

9.      It was further a part of the scheme and artifice that the Defendant would create and review daily and weekly summary reports for all futures contracts made at the Hickman elevator. These reports specified customers, quantities, contract prices and futures prices for all futures contracts. Additionally, the Defendant included checklists and certifications that all contracts reported in this way were made within Bunge policies and guidelines and had been reviewed for errors. These materials were regularly transmitted from the Hickman elevator to Bunge in St. Louis by interstate commercial carrier. Beginning on June 28, 2013, the Hickman elevator transmitted these materials to Bunge in St. Louis by means of interstate electronic mail.

10.     It was further a part of the scheme and artifice that the Defendant, through electronic mail and otherwise, communicated to the benefitting customers that he was increasing the prices for their benefit. For example, on or about March 28, 2013, in the course of refusing a request from a benefitting customer for an inflated price for soybeans, the Defendant explained "I got this all this other done and it is fine but they [Bunge] called me and asked many questions…I think we got it good right now but they are watching me…really don't need to throw 200,000 [bushels] on them…unless you want to swap future[s] and do it legit."

11. It was further a part of the scheme and artifice that, on at least two occasions, the Defendant accepted payments made to him personally from the benefitting customers. For example, on or about March 29, 2010, one of the benefitting customers provided the Defendant with a check for $10,000 which the Defendant deposited in his personal checking account.

12. In all, during the relevant time period, the Defendant overpaid more than $1,000,000 to the detriment of Bunge in this way on at least one hundred contracts with the benefitting customers.

13. On or about April 1, 2013, within the Eastern District of Missouri and elsewhere, the Defendant,

**COLEMAN CARPENTER,**

did devise a scheme and artifice to defraud another out of money and property by means of false and fraudulent pretenses, representations and promises and for the purpose of executing the same did send or cause to be sent material, mail and other matter by means of the United States Postal Service and by means of interstate commercial carrier, to wit: summary reports of activities of the Hickman elevator containing an overpayment contract made by the Defendant on March 28, 2013.

In violation of Title 18, United States Code Section 1341.

### COUNTS II-IV (Wire Fraud)

14. The allegations set forth in paragraphs 1 through 13 are realleged and incorporated by reference.

15. On or about August 1, 2013, within the Eastern District of Missouri and elsewhere, the Defendant,

**COLEMAN CARPENTER,**

did devise a scheme and artifice to defraud another out of money and property by means of false and fraudulent pretenses, representations and promises and for the purpose of executing the same

did send or cause to be sent electronic signs, signals and communications in interstate commerce, to wit: electronic mail communications between Kentucky and Missouri relating to the following fraudulent and overpaid futures contracts at the Hickman elevator:

| Count | Commodity | Date of Contract | Approximate Loss to Bunge |
|---|---|---|---|
| II | Corn | August 1, 2013 | $25,000 |
| III | Corn | August 1, 2013 | $37,000 |
| IV | Soybeans | August 1, 2013 | $22,000 |

All in violation of Title 18, United States Code Section 1343.

A TRUE BILL

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
Thomas C. Albus, #96250
Assistant United States Attorney