# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                     Case No.   **4:14CR0205 RWS/TIA**

**COLEMAN CARPENTER,**

    **Defendant.**

## DEFENDANT'S RESPONSE TO PRESENTENCE REPORT

**COMES NOW** the defendant, Coleman Carpenter, by and through his attorney of record, David W. Camp, and hereby submits the following objections to the Pre-Sentence Report which has been filed in this matter:

1. **Page 4, Paragraph 12.** The loss amount identified is disputed in that it is difficult if not impossible to determine.  Moreover, it is in different than the loss amount set forth on Page 7, Paragraph 24.

2. **Page 7, Paragraph 21.** The defendant has never admitted and has never pled guilty to receiving money for the conduct to which he was charged in his indictment.

3. **Page 7, Paragraph 23.** The defendant did not reset his company-issued iPhone to delete messages on the phone.

4. **Page 7, Paragraph 24**. The defendant has never admitted and has never pled guilty to receiving money for the conduct to which he was charged in his indictment. The use of the one day high is not in conformity with the plea agreement which uses a two day high. In addition the amount of the loss is disputed in that it is difficult if not impossible to

determine.

5. **Page 7, Paragraph 25.**  This paragraph is unrelated to the criminal charges filed against the defendant and these allegations are vehemently denied.  This paragraph is not part of the alleged loss and there was no scheme.  Moreover, the government agrees that these losses are not readily provable.

6. **Page 8, Paragraph 27**. The defendant self-surrendered to FBI agents in St. Louis, Missouri.

7. **Page 8, Paragraph 28**. The amount of loss set forth in this paragraph is disputed in that it is difficult if not impossible to determine.  In addition to this dispute, the amount is different than the loss amount set forth on Page 7, Paragraph 24.

   The calculation of attorney fees is also disputed.    The amount of attorney fees was set out in this paragraph without verification. The defendant had to request that the probation officer obtain an itemized billing statement. It took several days after the request for the itemized bill to be provided. Several of the entries did not identify the work performed. Therefore, it was not possible to verify if it was related to this matter. The billing was incurred during the time this matter was under investigation by the United States and included time spent after criminal charges had been filed against the defendant. In accordance with 2B1.1 of the United States Sentencing Guidelines "Costs to the government of, and costs incurred by victims primarily to aid the government in, the prosecution and criminal investigation of an offense" is excluded from being used to calculate loss. *See*, Application note 3(D)(ii).

8. **Page 9, Paragraph 33.**  The level increase is not correct.

9. **Page 9, Paragraph 37.**  The adjusted offense level is incorrect.

10. **Page 9, Paragraph 41.** The offense level is incorrect.

11. **Page 16, Paragraph 82.** Restitution does not apply when "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process". *See*, 5E1.1 of the United States Sentencing Guidelines; 18 USC 3663A (c)(3)(B). The calculation of restitution is difficult if not impossible to determine.

   The calculation of attorney fees is also disputed. The amount of attorney fees was set out in this paragraph without verification. The defendant had to request that the probation officer obtain an itemized billing statement. It took several days after the request for the itemized bill to be provided. Several of the entries did not identify the work performed. Therefore it was not possible to verify if it was related to this matter. The billing was incurred during the time this matter was under investigation by the United States and included time spent after criminal charges had been filed against the defendant. In accordance with 2B1.1 of the United States Sentencing Guidelines "Costs to the government of, and costs incurred by victims primarily to aid the government in, the prosecution and criminal investigation of an offense" is excluded from being used to calculate loss. *See*, Application note 3(D)(ii).

Respectfully submitted,
CAMP & CAMP, PLLC

s/ David W. Camp
David W. Camp (#013739)
Attorney for Movant
403 North Parkway, Suite 101
Jackson, Tennessee   38305
(731) 664-4499

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system or via email or U.S. Mail to:

Mr. Thomas C. Albus
Office of U.S. Attorney
111 S. Tenth Street
20th Floor
St. Louis, MO 63102

s/David W. Camp
DAVID W.   CAMP, Atty.
10-1-15
Date